UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY; and SOO LINE RAILROAD COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>DAN SALOMONE, Commissioner of Revenue, DEPARTMENT OF REVENUE OF THE STATE OF MINNESOTA, and THE STATE OF MINNESOTA,<br><br>Defendants. | Civil No. 04-924 (JRT/JSM)<br><br>**MEMORANDUM OPINION AND ORDER ON CROSS SUMMARY JUDGMENT MOTIONS** |

Eugene A. Ritti and Richard G. Smith, **HAWLEY TROXELL ENNIS & HAWLEY**, 877 Main Street, Suite 1000, Boise, ID 83702; and Patrick J. Sweeney and Rodney A. Honkanen, **SPENCE RICKE SWEENEY & GERNES**, 325 Cedar Street, Suite 600, Saint Paul, MN 55101, for plaintiffs.

Barry R. Greller, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 900, Saint Paul, MN 55101, for defendants.

Plaintiff railroads allege that Minnesota's statutory scheme for assessing sales taxes on purchases of diesel fuel under Minn. Stat. § 297A discriminates against railroads, in violation of the Railroad Revitalization and Regulatory Reform Act of 1976 (the "4-R Act"), 49 U.S.C. § 11501. This case presents an issue of law that can now be resolved by the Court and the parties have filed cross motions for summary judgment.

For the following reasons, the Court denies plaintiff's motion for summary judgment and grants defendants' motion.

## BACKGROUND

Plaintiffs purchase diesel fuel for their trains traveling through Minnesota. Fuel purchased for rail is subject to a sales and use tax of 6.5%. Minn. Stat. §§ 297A.62 - .63 (2004). Railroads have, at most, four competitors: river barges, Great Lakes ships, motor carriers (trucks), and air carriers (planes). Fuel for shipping and barge transportation is subject to the same 6.5% sales and use tax as the railroads. Minn. Stat. §§ 297A.62 - .63 (2004). Fuel for trucks is subject to a petroleum excise tax of 20 cents per gallon. Minn. Stat. §§ 296A.07, subd. 3(3); 296A.08, subd. 2(d) (2004). Until very recently, the truck tax was significantly higher than the train tax. Fuel purchased for planes is subject to an excise tax between 0.5 and 5 cents per gallon of fuel, depending on the amount purchased per year. Minn. Stat. § 296A.17, subd. 3 (2004); *see also Burlington N. R.R. v. Comm'r of Revenue*, 606 N.W.2d 54, 55-56 (Minn. 2000) (discussing Minnesota's taxation of transportation fuel).

## ANALYSIS

**I.   Summary Judgment Standard**

Summary judgment is appropriate in the absence of any genuine issue of material fact, and when the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could cause a reasonable

jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A court considering a motion for summary judgment must view all of the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. *See, e.g.*, *Anderson*, 477 U.S. at 256; *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995); *Ring v. Sears, Roebuck & Co.*, 250 F. Supp. 2d 1130, 1138 (D. Minn. 2003).

**II.  The 4-R Act**

Plaintiffs contend that Minnesota's statutory scheme for taxing fuel violates the 4-R Act. The relevant section of the 4-R Act provides:

> (b) The following acts unreasonably burden and discriminate against interstate commerce, and a State, subdivision of a State, or authority acting for a State or subdivision of a State may not do any of them: . . .
>
> (4) Impose another tax that discriminates against a rail carrier providing transportation subject to the jurisdiction of the Board under this part.

49 U.S.C. § 11501(b)(4) ("subsection (b)(4)"). The 4-R Act was enacted to "rehabilitate and improve the railway system in the United States" and includes § 11501(b), which is designed to curb discriminatory state taxation of railroad property. *See Burlington*, 509 N.W.2d 551, 551 (Minn. 1993). Because the 4-R Act places limitations on state sovereignty by restricting the power of taxation, it is interpreted narrowly. *Dep't of Revenue v. ACF Indus., Inc.*, 510 U.S. 332, 345 (1994) ("We will interpret a statute to

pre-empt the traditional state powers only if that result is 'the clear and manifest purpose of Congress.'").

In *Burlington Northern v. Lohman*, 193 F.3d 984 (8th Cir. 1999), the plaintiff railroad argued that Missouri's sales and use tax on fuel discriminated against rail carriers in violation of the 4-R Act. In evaluating the claim, the Eighth Circuit first determined that the proper comparison class in evaluating a discrimination claim under § 11501(b)(4) was a "competitive mode" comparison class, comprising the railroad's competitors, as opposed to the "other commercial and industrial taxpayers" comparison class, which is used in evaluating claims brought under preceding sections of the 4-R Act. *Id.* at 985; *see also* 49 U.S.C. §§ 11501(b)(1)-(3).

The parties in *Lohman* stipulated that the "competitive mode" comparison class consisted of rail carriers, barges, and motor carriers. *Lohman*, 193 F.3d at 986. The court then determined whether Missouri's sales and use tax on fuel discriminated against rail carriers relative to those competitors. *Id.* Under the Missouri statutory scheme, trains were subject to a sales and use tax on fuel, but barges and trucks were exempt. *Id.* However, trucks paid an excise tax on fuel at a greater rate than the trains paid under the sales and use tax. *Id.* The defendants in *Lohman* argued that although the taxing mechanism for the railroads was different from the taxing mechanism for the railroads' competitors, Missouri's taxing scheme did not violate the 4-R Act because the railroads actually paid less tax for their fuel than did their competitors. *Id.*

The Eighth Circuit declined to consider whether the railroads actually paid less tax than their competitors, noting that it would be "too difficult and expensive to evaluate" a

state's overall taxing scheme. *Id.* (citing *Trailer Train Co. v. State Tax Commission*, 929 F.2d 1300, 1303 (8th Cir. 1991)). The *Lohman* court then held that because only rail carriers were subject to the sales and use tax on fuel, that tax was discriminatory in violation of the 4-R Act. *Id.*

Plaintiffs contend that *Lohman* is analogous to the instant case, and that Minnesota's taxing scheme violates the 4-R Act by discriminating against railroads. However, the Eighth Circuit in *Lohman* was not presented with the same issue facing this Court. In *Lohman*, the railroads were taxed differently from every one of their competitors in the competitive mode comparison class. Here, in contrast, the railroads are subject to the same tax on diesel fuel as two of their primary competitors in the comparison class – barges and ships.[1] *See Burlington N. v. Comm'r,* 606 N.W.2d 54, 56 (Minn. 2000).[2] Moreover, it is undisputed that the two remaining competitors in the comparison class, planes and trucks, are also subject to sales tax on fuel.[3] Thus,

---

[1] Plaintiffs contend that discovery in this case has revealed that Great Lakes ships, although subject to the same tax under Minnesota state law, have not actually been paying the tax. Regardless of whether the Great Lakes ships have in fact paid all the tax they owe, it is undisputed that they are subject to the same tax as the railroads. The fact that the Great Lakes ships may not have been paying the tax they owe is an enforcement issue. There is nothing in the record to suggest, nor do plaintiffs claim, that the State of Minnesota has selectively enforced its tax laws against railroads.

[2] In *Burlington Northern v. Commissioner of Revenue*, 606 N.W.2d 54, 56 (Minn. 2000), the Minnesota Supreme Court was faced with essentially same issues as those presented in this case. Plaintiffs argue that *Burlington Northern* was wrongly decided, and urge this Court to disregard it. Although the Minnesota Supreme Court's determination of federal law is not binding on this Court, the Court nonetheless finds its analysis persuasive.

[3] Indeed, it is undisputed that, until very recently, the tax paid by trucks on diesel fuel was significantly higher than the tax on fuel paid by trains. *See Burlington Northern*, 606 N.W.2d at 61.

Minnesota's tax on diesel fuel does not "single out" railroads for discriminatory treatment. *Cf. Dep't of Revenue of Oregon v. ACF Indus., Inc.*, 510 U.S. 332, 347 (1994) (upholding Oregon's ad valorem property tax exemption system, pursuant to which railroad property, along with some but not all other categories of property, was denied tax exemption). Because railroads are subject to the exact same tax as at least two of their competitors, and because all competitors within the comparison class are subject to a tax on fuel, the Court finds that Minnesota's taxing scheme does not "discriminate" against the railroads in violation of the 4-R Act. Accordingly, the Court grants defendants' motion for summary judgment.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Summary Judgment [Docket No. 17] is **DENIED**.

2. Defendants' Motion for Summary Judgment [Docket No. 25] is **GRANTED**.

3. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 22, 2006             s/John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                        United States District Judge